IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY VINCE NAIL SPA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PALACE & NAILS BAR, LLC ) | Case No. _____ |
| d/b/a PALACE NAILS BAR ) | |
| and TRI HO ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. NATURE OF ACTION

1.  This is an action for trade dress infringement, false designation of origin, passing off, dilution under the Lanham Act, 15 U.S.C. § 1125(a), (c); trademark dilution under § 16.103 of the Texas Business and Commerce Code; and trademark infringement and unfair competition under the common law of the State of Texas.

### II. PARTIES

2.  Plaintiff, Anthony Vince Nail Spa, Inc., ("Plaintiff" or "Anthony Vince") is an Illinois corporation with a principal place of business at 545 Oakbrook Center, Oak Brook, IL 60523.

3.  Plaintiff and its co-licensees currently offer the following nail spa services: manicures, pedicures, facials, and waxing services.

4.  Plaintiff has been incorporated in Illinois since 2007.

5. Defendant Palace & Nails Bar, LLC d/b/a Palace Nails Bar ("Palace Nails") is a Texas limited liability company with a principal business address of 10700 Kuykendahl Rd., Room M, The Woodlands, Texas 77381.

6. Upon information and belief, Defendant Tri Ho ("Ho") is a resident of Harris County.

7. Palace Nails is currently doing business under the name, "Palace Nails Bar."

8. Upon information and belief, Ho is a controlling member, manager, and officer of Palace Nails. Ho is also the registered agent for Palace Nails.

9. Upon information and belief, Defendants offer the following nail spa services: manicures, pedicures, facials, and waxing services.

### III. JURISDICTION

10. As this action relates to trade dress infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

11. As this case relates to unfair trade practices that are joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

12. This Court also has jurisdiction pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

14. This Court has personal jurisdiction over Defendants as they are residents of the state of Texas.

## IV. VENUE

15. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) in that the Defendants are residents of, or transact business in, the Southern District of Texas.

## V. FACTUAL BACKGROUND

16. The mark at issue is the trade dress ("Anthony Vince Trade Dress") used by Plaintiff in the nail salon industry.

17. Since 2007, Plaintiff has consistently offered nail spa services in connection with an elegant spa environment featuring specific design elements and themes such as: (1) faux sky ceilings, (2) ornate chandeliers, (3) use of arches and pillars to separate interior sections, (4) beige, natural, earth-tone stone finishes, and (5) neutral vanilla colored walls. *See* Exhibit A, Photographs of Anthony Vince Trade Dress.

18. The above-mentioned décor elements, total image, and overall appearance of an Anthony Vince location combine to create a trade dress that is inherently distinctive.

19. In light of Anthony Vince's use of the Anthony Vince Trade Dress in promoting its services, the Anthony Vince Trade Dress is immediately recognizable and associated in the minds of consumers solely in connection with Anthony Vince and its authorized affiliates.

20. Plaintiff has advertised and promoted the Anthony Vince Trade Dress through print advertisements, handbill flyers, posters, and the Internet.

21. Consumers in the nail spa marketplace recognize Anthony Vince by the use of the Anthony Vince Trade Dress.

22. The Anthony Vince Trade Dress consists entirely of arbitrary, non-functional design elements.

23. Plaintiff has extensively and continuously promoted and used the Anthony Vince Trade Dress in the United States and the Anthony Vince Trade Dress has thereby become a famous and well-known symbol of Plaintiff's services.

24. The Anthony Vince Trade Dress has been in use for many years, has achieved widespread public recognition, and has developed secondary meaning.

25. Plaintiff and its co-licensees spend considerable amounts of money, approximately $600,000.00 to $900,000.00 on the build-out and design of each of its nail spas to create a unique setting.

26. Plaintiff and its co-licensees have three locations open in Texas at 700 Baybrook Mall, Suite C107, Friendswood, Texas 77546, open since January 2, 2018, 15900 La Cantera Parkway, Suite 26170, San Antonio, Texas 78256, open since October 22, 2017, and 11200 Broadway St., Suite 640, Pearland, TX 77584, open since April 7, 2019.

27. Another location will be opening in the Houston area in May 2019.

28. Plaintiff and its co-licensees operate nail salons throughout the United States.

29. Upon information and belief, Defendants opened their salon on December 16, 2018.

30. Defendants advertise, promote, sell and offer to sell manicures, pedicures, facials and waxing services using a trade dress confusingly similar to the Anthony Vince Trade Dress. *See* Exhibit B, Photographs of Defendants' Salon.

31. Defendants also display their confusingly similar Infringing Trade Dress on their website and in their social media presence.

32. Key features in Defendants' salon décor are identical to the Anthony Vince Trade Dress, with Defendants' Infringing Trade Dress containing: (1) faux sky ceilings, (2) ornate

4

chandeliers, (3) arches and pillars, (4) beige, natural, earth-tone stone finishes, and (5) neutral vanilla colored walls.

33. In opening a nail spa with the Infringing Trade Dress, Defendants seek to appropriate the goodwill associated with Anthony Vince and the Anthony Vince Trade Dress.

34. Plaintiff has never authorized or licensed Defendants to use the Anthony Vince Trade Dress nor any confusingly similar derivate of it.

35. The consumers of Anthony Vince and Palace Nails are similar: residents of Houston and its surrounding communities.

36. Plaintiff is harmed by trade dress infringement to the extent that customers are confused as to the source of the services of Spectrum.

37. Plaintiff's ability to expand its operation is hampered, and investment into its business may be negatively affected due to consumer confusion.

38. After becoming aware of Defendants' use, Plaintiff, through legal counsel, requested that Defendants stop using their Infringing Trade Dress because it was likely to cause confusion with Plaintiff and the Anthony Vince Trade Dress.

39. Defendants, with full knowledge of the Anthony Vince Trade Dress, have repeatedly and intentionally refused Plaintiff's request to stop using the Anthony Vince Trade Dress, thereby making the use and continued use of the Infringing Trade Dress willful and wanton.

40. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## VI. CAUSES OF ACTION

### COUNT I
### TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

41. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

42. The commercial use of the Infringing Trade Dress for promoting Defendants' services is willful infringement of Plaintiff's common law trademark rights in the Anthony Vince Trade Dress, and such commercial use was with the knowledge of and intended to trade off of Plaintiff's prior rights in the Anthony Vince Trade Dress.

43. Defendants' use of the Infringing Trade Dress creates a likelihood of confusion as to the affiliation, connection, association, sponsorship, or endorsement by Plaintiff in an appreciable number of nail spa consumers and potential consumers.

44. The goodwill of the Anthony Vince Trade Dress is of enormous value, and unless Defendants are restrained from continuing their unlawful conduct now, Plaintiff will suffer irreparable injury.

45. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

### COUNT II
### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF
### 15 U.S.C. § 1125(a)

46. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

47. Defendants use of the Infringing Trade Dress to market its nail spa services will likely cause confusion, mistake, or deception on the part of persons seeing Defendants' nail spa services, as to the origin, sponsorship, or approval by Plaintiff of Defendants' nail spa services, all in violation of 15 U.S.C. § 1125(a).

48. Upon information and belief, Defendants' unfair competition, false designation of origin, and passing off has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

49. The goodwill of the Trade Dress is of enormous value, and unless Defendants are restrained from continuing their unlawful conduct now, Plaintiff will suffer irreparable injury.

50. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. § 1125(c)

51. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

52. Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Anthony Vince Trade Dress by eroding the public's exclusive identification of these famous marks with Plaintiff's, tarnishing and degrading the positive associations and prestigious connotations of the Anthony Vince Trade Dress and otherwise lessening the capacity of the Anthony Vince Trade Dress to identify and distinguish services.

53. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Anthony Vince Trade Dress or to cause dilution of the Anthony Vince Trade Dress, to the great and irreparable injury of Plaintiff.

## COUNT IV
## STATE DILUTION
## TEX BUS. & COM. CODE § 16.103

54. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

55. Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the Anthony Vince Trade Dress has become and continues to be famous and distinctive throughout the State of Texas.

56. Defendants' use of the Infringing Trade Dress began after the Anthony Vince Trade Dress became famous and distinctive.

57. Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of the Anthony Vince Trade Dress by eroding the public's exclusive identification of these famous marks with Plaintiff's, tarnishing and degrading the positive associations and prestigious connotations of the Anthony Vince Trade Dress and otherwise lessening the capacity of the Anthony Vince Trade Dress to identify and distinguish services.

58. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Anthony Vince Trade Dress or to cause dilution of the Anthony Vince Trade Dress, to the great and irreparable injury of Plaintiff.

59. Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of the Tex. Bus. & Com. Code § 16.103.

60. Plaintiff therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## COUNT V
## STATE TRADEMARK INFRINGEMENT
## TEXAS COMMON LAW

61. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

62. Plaintiff's use of the Anthony Vince Trade Dress predates any alleged use by Defendants in the United States.

63. The aforesaid acts of Defendants constitute trademark infringement in violation of common law.

64. The acts of Defendants were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

65. Unless enjoined by this Court, the acts of Defendants complained of herein will cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT VI
## UNFAIR COMPETITION
## TEXAS COMMON LAW

66. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

67. The aforesaid acts of Defendants constitute unfair competition in violation of Texas common law.

68. The acts of Defendants were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

69. Unless enjoined by this Court, the acts of Defendants complained of herein will cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

### COUNT VII
### UNJUST ENRICHMENT
### TEXAS COMMON LAW

70. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 40 as if fully restated herein.

71. The aforesaid acts of Defendants constitute unjust enrichment of Defendant at the expense of Plaintiff in violation of Texas common law.

### VII. JURY DEMAND

72. Plaintiff respectfully requests a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

A. Finding that (i) Defendants have violated 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(c), (ii) Defendants have committed trademark dilution under TEX BUS. & COM. CODE § 16.103, (iii) Defendants have committed trademark infringement and unfair competition under Texas common law, and (iv) Defendants have unjustly enriched themselves at the expense of Plaintiff.

B. Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure,

15 U.S.C § 1116, 17 U.S.C. § 502, and TEX BUS. & COM. CODE § 16.103, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services that bear the Anthony Vince Trade Dress or any other mark or design element substantially similar or confusing thereto;

2. engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with the Anthony Vince Trade Dress;

3. engaging in any other activity that will cause the distinctiveness of the Anthony Vince Trade Dress to be diluted.

C. Requiring Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E. Awarding Plaintiff statutory damages or in the alternative its actual damages suffered as a result of Defendants actions;

F. Awarding actual and punitive damages to which it is entitled under applicable federal and state laws;

G. Awarding prejudgment interest on any monetary award made part of the judgment against Defendant; and

H. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Date: April 19, 2019                                Respectfully Submitted,

/s/ Bryan Rose
FROST BROWN TODD, L.L.C.
Bryan Rose
Texas Bar #24044704
Southern District Bar # 1114458
3500 Maple Avenue, Suite 1200
Dallas, TX 75219
214-752-8600 (Telephone)
214-752-8700 (Facsimile)
Email: brose@fbtlaw.com

*Attorney for Plaintiff*
*Anthony Vince Nail Spa, Inc.*