IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY VINCE NAIL SPA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PALACE & NAILS BAR, LLC | ) | Case No. 4:19-CV-01449 |
| d/b/a PALACE NAILS BAR | ) | |
| and TRI HO | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT DISCOVERY PLAN AND CASE MANAGEMENT REPORT

Pursuant to the Court's April 22, 2019 Order for Conference and Disclosure of Interested Parties, Anthony Vince Nail Spa, Inc. ("Plaintiff") and Palace & Nail Bar, LLC d/b/a Palace Nails Bar ("Palace Nails Bar") and Tri Ho, collectively, (the "Defendants") file this Joint Discovery Plan and Case Management Report:

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

Plaintiff and Defendants held the required conference on August 5, 2019. The parties were represented by the following counsel:

**Plaintiff**
Alexandra N. Rose

**Defendants**
William H. Wellborne

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

As of the time of the filing of this Joint Discovery Plan and Case Management Report, the parties are unaware of any cases related to this one that are pending in any state or federal court.

**3.     Specify the allegations of federal jurisdiction.**

1.     Federal jurisdiction is based on federal question jurisdiction because this is an action for trade dress infringement, false designation of origin, passing off, dilution under the Lanham Act, 15 U.S.C. § 1125(a), (c); trademark dilution under § 16.103 of the Texas Business and Commerce Code; and trademark infringement and unfair competition under the common law of the State of Texas.

**4.     Name the parties who disagree and the reasons.**

Defendant does not object to jurisdiction and does not agree with the allegations based upon the pleadings.

**5.     List anticipated parties that should be included, when they can be added and by whom they are wanted.**

Plaintiff is presently unaware of any other parties that should be included in this litigation but agrees that additional time to amend the pleadings to add parties should be provided in the discovery plan.

Defendant wishes to list Tony Trieu and any entities owning the Venetian trade dress as potential parties.

**6.     List anticipated interventions.**

The parties do not anticipate any interventions at this time.

**7.     Describe class – action issues.**

None at this time.

**8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet made the initial disclosures required by Rule 26(a). The parties agree to exchange initial disclosures by September 30, 2019.

**9.     Describe the proposed discovery plan, including:**

    **A.     Responses to all matters raised in Rule 26(f).**

The parties held the required Rule 26(f) conference on August 5, 2019.

The parties agree that all fact and expert discovery should be completed in approximately twelve (12) months from the date of the Initial Pre-Trial and Scheduling Conference.

The parties agree that to follow all limitations on discovery imposed under the Federal Rules of Civil Procedure.

The parties agree that discovery should generally be conducted in phases: fact discovery followed by expert discovery.

Without conceding the admissibility thereof, the parties agree that discovery should generally be conducted regarding Plaintiffs' claims for relief, Plaintiff's alleged damages and Defendants' affirmative defenses and counterclaims.

The parties are presently unaware of any issues involving electronically stored information and/or any issues about claims of privilege.

    **B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories upon the Defendants Palace Nails Spa and Tri Ho by September 30, 2019.

### C. When and to whom the defendant anticipates it may send interrogatories.

Defendants Palace Nails Spa and Tri Ho anticipate sending an initial set of interrogatories to Plaintiff by October 30, 2019.

### D. Of Whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking depositions of Tri Ho, the current and former officers and employees of Defendants and their predecessor companies, current and former employees of Plaintiffs and other persons with knowledge of the designs for the Palace Nails facility, the trade dress used, its origins, customer perceptions of Plaintiff's and Defendants' businesses and whether they are affiliated and any other factor relevant to Plaintiff's claims for relief, Plaintiff's alleged damages and Defendants' affirmative defenses and counterclaims.

Plaintiff anticipates completing the depositions within the deadline for the closure of fact discovery

### E. Of Whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the depositions of Tony Trieu, the co-licensee of Anthony Vince, as well as other third parties in the industry. Defendants' also anticipate completing the depositions within the deadline for the closure of fact discovery.

### F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates being able to designate experts and serve the experts' reports within nine (9) months after the Initial Pre-Trial and Scheduling Conference.

Defendants anticipate being able to designate experts and serve the experts' reports within two (2) months after Plaintiffs designate experts and serve their experts' reports.

> **G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the deposition(s) of Defendants' Rule 26 designated expert(s) after the service of the expert's reports and within twelve (12) months after the Initial Pre-Trial and Scheduling Conference.

> **H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Defendants anticipate taking the deposition(s) of Plaintiff's Rule 26 designated expert(s) after the service of the expert's reports and within twelve (12) months after the Initial Pre-Trial and Scheduling Conference.

> **10. If the parties are not agreed on a part of the discovery plan, describe the separate view and the proposal of each party.**

At this time, the parties are in agreement on the discovery plan.

> **11. Specify the discovery beyond the initial disclosures that has been undertaken to date.**

None.

> **12. State the date the planned discovery can reasonably be completed.**

The parties believe that all discovery can reasonably be completed within twelve (12) months of the Initial Conference, or August 16, 2020.

**Joint Discovery Plan and Case Management Report**

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties agree that settlement or early resolution of Plaintiff's claims is possible and beneficial. The parties will engage in early negotiation and dispute resolution if the parties believe they have reached a point in discovery where such efforts will be productive.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

As stated in response to question 13, the parties agree to engage in settlement discussions as soon as those efforts will be productive.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The parties anticipate that mediation before a private mediator would be reasonably suitable after discovery is completed.

**16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

At this time, the parties do not agree to a trial before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

Plaintiff's Complaint contained a timely jury demand. Defendants agree to a jury trial.

**18. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that 40 hours or 1 week will be required to present the evidence at trial in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**Joint Discovery Plan and Case Management Report**

**20.** **List other motions pending.**

None.

**21.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None known at this time.

**22.** **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| | |
|---|---|
| Plaintiff: | Alexandra N. Rose |
| | State Bar No. 24055698 |
| | S.D. Tex. No. 1110635 |
| | Bryan B. Rose |
| | State Bar No. 24044704 |
| | S.D. Tex. No. 1114458 |
| | FROST BROWN TODD, LLC |
| | 3500 Maple Avenue, Suite 1200 |
| | Dallas, TX 75219 |
| | Phone: (214) 752-8600 |
| | Facsimile: (214) 752-8700 |
| | Email: arose@fbtlaw.com |
| | brose@fbtlaw.com |
| Defendants: | William H. Wellborne |
| | S.D. Tex No. 5786 |
| | State Bar No. 21134200 |
| | WELLBORNE LAW FIRM |
| | 9668 Westheimer Road |
| | Suite 200-118 |
| | Houston, TX 77063 |
| | Phone: (713) 953-9200 |
| | Facsimile: (713) 953-9220 |
| | Email: wellborne@wellbornelawfirm.com |

**Joint Discovery Plan and Case Management Report**

FROST BROWN TODD, L.L.C.                    Date: August 5, 2019

/s/ Alexandra Rose_____
Alexandra N. Rose
State Bar No. 24055698
S.D. Tex. No. 1110635
Bryan B. Rose
State Bar No. 24044704
S.D. Tex. No. 1114458
3500 Maple Avenue, Suite 1200
Dallas, TX 75219
Phone: (214) 752-8600
Facsimile: (214) 752-8700
Email: arose@fbtlaw.com
       brose@fbtlaw.com

*Attorneys for Plaintiff*
*Anthony Vince Nail Spa, Inc.*

/s/ William Wellborne_____
William H. Wellborne                         Date: August 5, 2019
S.D. Tex No. 5786
State Bar No. 21134200
WELLBORNE LAW FIRM
9668 Westheimer Road
Suite 200-118
Houston, TX 77063
Phone: (713) 953-9200
Facsimile: (713) 953-9220
Email: wellborne@wellbornelawfirm.com
*Attorney for Defendants*
*Palace & Nails Bar, LLC and Tri Ho*

**Joint Discovery Plan and Case Management Report**